

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

JACQUELINE SCARLETT LANIER, )
)
    Plaintiff, )
)
v. ) CASE NO. CV414-002
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security, )
)
    Defendant. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 17), to which objections have been filed (Doc. 19). In her objections, Plaintiff largely repeats the same arguments as in her initial brief and fails to directly address the Magistrate Judge's analysis. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation (Doc. 19) is **ADOPTED** as the Court's opinion and the Commissioner's decision denying benefits is **AFFIRMED**.

First, the Magistrate Judge determined that the record evidence substantially supported the Administrative Law Judge's ("ALJ") decision to discount as mere patient advocacy Plaintiff's treating physician's clinical

assessment that Plaintiff's mental problems were extreme and caused her severe disability. (Doc. 19 at 12-13.) Plaintiff has objected with the same arguments as in her initial brief—that the ALJ did not give sufficient reasons for discounting Plaintiff's treating physician's assessment and that other evidence supports her claim. (Doc. 21 at 1-3.) As the Magistrate Judge points out in the report and recommendation, however, the ALJ noted Plaintiff's treating physician's assessment contradicted his own prior assessments of Plaintiff. (Doc. 19 at 12.) Specifically, the ALJ identified previous findings by Plaintiff's treating physician that undermine a determination of extreme mental problems, such as Plaintiff's ability to attend school functions with her child, adequately manage her finances, maintain her home, care for her parents, and comply with her medication regimen. (Id.)

After careful consideration and a de novo review of the record in this case, the Court concurs with the Magistrate Judge that the ALJ demonstrated good cause for discounting the disability assessment. It is clear that the ALJ provided sufficient reasons for declining to give the assessment controlling weight. The fact that Plaintiff disagrees with the ALJ's decision, or that there is other evidence in the record that weighs against the ALJ's

2

decision, does not mean that the decision is unsupported by substantial evidence. See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence."). Accordingly, the objection is without merit.

Next, the Magistrate Judge addresses Plaintiff's contention that the ALJ cherry-picked evidence to undermine her complaints of pain. (Doc. 19 at 13.) In finding that the ALJ's decision was supported by substantial evidence, the Magistrate Judge notes that the ALJ identified Plaintiff's inconsistent statements concerning her disability and work activity, her drug-seeking behavior, and her engagement in various activities that belie her claims of pain. (Id. at 14-17.) In her objections, Plaintiff offers no direct argument against the Magistrate Judge's findings, but merely restates her position that the ALJ ignored other evidence in reaching his decision. (Doc. 21 at 4-5.) As the Magistrate Judge clearly illustrates, however, the ALJ considered all the evidence and merely found other information more persuasive in finding against Plaintiff. As stated above, the ALJ is empowered to do just that. Accordingly, the Court concurs with the Magistrate

3

Judge that the ALJ articulated sufficient reasons for discrediting Plaintiff's testimony and that the decision was supported by substantial evidence.

The Magistrate Judge next concludes that the ALJ did not err by failing to include Plaintiff's claimed concentration limitations in the ALJ's hypothetical posed to the vocational expert. In finding substantial evidence to support the ALJ's determination, the Magistrate Judge noted that the ALJ considered Plaintiff's numerous medical assessments suggesting her concentration was good, as well as Plaintiff's professed daily activities that suggest she had little or no difficulties in concentration. (Doc. 19 at 18.) In her objections, Plaintiff argues that the ALJ gave too much weight to this evidence and not enough to other evidence in favor of her claims. (Doc. 21 at 5-6.) Again, however, the existence of evidence contrary to the ALJ's decision does not demonstrate a lack of substantial evidence in support thereof. Plaintiff has offered no argument why the evidence highlighted by the Magistrate Judge is insufficient to affirm the ALJ's determination.

Finally, the Court notes that Plaintiff has not specifically objected to the Magistrate Judge's fourth conclusion that Plaintiff misrepresented the ALJ's determination that she could perform some light work. (Doc.

19 at 19-20.) Plaintiff originally took issue with what she perceived to be the ALJ's determination that Plaintiff could do work involving carrying ten pounds, despite medical evidence to the contrary. (Doc. 14 at 11-12.) However, Plaintiff appears to have effectively abandoned this argument.[1] Regardless, the Court's review of the evidence finds it readily apparent that the ALJ never stated Plaintiff was able to carry over ten pounds. Therefore, the Court agrees with the Magistrate Judge that Plaintiff was mistaken in her characterization of the issue. The ALJ did not determine that Plaintiff could perform the full range of light work, but rather stated specific restrictions and accommodations that Plaintiff would require in performing light work. (Doc. 19 at 19-20.) Accordingly, the Court finds Plaintiff's argument simply off-base.

For the reasons stated above, the Report and Recommendation (Doc. 19) is **ADOPTED** as the Court's opinion and the Commissioner's decision denying benefits is

---

[1] Plaintiff does off-handedly mention in her objections that the ALJ's conclusion that she could perform light work is at odds with a medical assessment indicating that she is unable to carry over ten pounds. (Doc. 21 at 4.) However, Plaintiff neither elaborates on this statement nor responds specifically to the Magistrate Judge's analysis.

**AFFIRMED.** The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _8th_ day of June 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA